UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.  12-cv-214 |
| v. | ) ) | **COMPLAINT** |
| NORTHERN STAR HOSPITALITY INC. D/B/A SPARX RESTAURANT, | ) ) ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 to correct unlawful employment practices on the basis of race (black) and retaliation, and to provide appropriate relief to Dion Miller, who was adversely affected by such practices. As alleged with greater particularity below, the U.S. Equal Employment Opportunity Commission alleges that Defendant, Northern Star Hospitality Inc. d/b/a Sparx Restaurant ("Sparx" or "Defendant") discriminated against Miller because of his race, black, and retaliated against him for opposing race discrimination by terminating his employment.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the Western District of Wisconsin.

1

## PARTIES

3.	Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.	At all relevant times, the defendant, Sparx, has been continuously doing business in the State of Wisconsin, and has continuously had at least 15 employees.

5.	At all relevant times, Sparx has been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

## STATEMENT OF CLAIMS

6.	More than thirty days prior to the institution of this lawsuit, Dion Miller ("Miller") filed a charge with the Commission alleging violations of Title VII by Sparx. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.	Since at least September, 2010, Sparx has engaged in unlawful employment practices at its facility in Menomonie, Wisconsin, in violation of Section 703(a) and 704(a) of Title VII, 42 U.S.C. § 2000e-2(a) and § 2000e-3(a) by engaging in harassment of Miller because of his race, black, and terminating his employment in retaliation for opposing race harassment.

8.	More specifically, on or about October 1, 2010, Miller arrived at work for his scheduled shift to find racist imagery on the cooler in the restaurant. This imagery included, but was not limited to a dollar bill defaced to show an image of a noose, swastikas, and a hooded Ku Klux Klan figure.

9. Miller complained to several members of Sparx management about the racist images on the same day the imagery appeared and was informed that the images had been posted by

members of Sparx management the night before. Members of Sparx management told Miller that the imagery was "a joke." The imagery was taken down later in the day on which Miller complained.

10. On or about October 23, 2010, Miller was terminated with no prior warnings for having a "bad attitude." Sparx's reasons for terminating Miller are pretext for retaliating against Miller for opposing race discrimination.

11. The effect of the practices complained of in paragraphs 8-10 above have been to deprive Miller of equal employment opportunities and otherwise adversely affect his employment status because of his race, black, and in retaliation for opposing race discrimination.

12. The unlawful employment practices complained of in paragraphs 8-10 were and are intentional.

10. The unlawful employment practices complained of in paragraphs 8-10 above were done with malice or with reckless indifference to the federally protected rights of Dion Miller.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Sparx, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination based upon race and/or retaliation.

B. Order Defendant Sparx to institute and carry out policies, practices, and programs which provide equal employment opportunities for black employees, and employees who report complaints of discrimination, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Sparx to make whole Dion Miller, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative

3

relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place reinstatement and/or front pay.

    D.    Order Defendant Sparx to make whole Dion Miller, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 8-10 above, in amounts to be determined at trial.

    E.    Order Defendant Sparx to make whole Dion Miller by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 8-10 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

    F.    Order Defendant to pay Dion Miller punitive damages for its malicious and reckless conduct described in paragraphs 8-10 above, in amounts to be determined at trial.

    G.    Grant such further relief as the Court deems necessary and proper in the public interest.

    H.    Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

    Respectfully submitted,

    David Lopez
    General Counsel

    Gwendolyn Young Reams
    Associate General Counsel

    EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
    131 M Street, N.E.
    Washington, D.C.  20507

    John C. Hendrickson
    Regional Attorney

                                      Jean P. Kamp
                                      Associate Regional Attorney

Dated: March 27, 2012        s/Camille A. Monahan____
                                      Camille A. Monahan
                                      Trial Attorney

                                      EQUAL EMPLOYMENT OPPORTUNITY
                                            COMMISSION
                                    Milwaukee Area Office
                                    310 West Wisconsin - Suite 800
                                    Milwaukee, WI 53202
                                    *Telephone*:   (414) 297-3548
                                    *Fax:*          (414) 297-3146

                                    *E-mail*:     john.hendrickson@eeoc.gov
                                    *E-mail*:     jean.kamp@eeoc.gov
                                    *E-mail*:     camille.monahan@eeoc.gov