IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

           Plaintiff,

ORDER

12-cv-214-bbc

    v.

NORTHERN STAR HOSPITALITY
d/b/a SPARX RESTAURANT;
NORTHERN STAR PROPERTIES,
LLC; and NORTH BROADWAY
HOLDINGS, INC.,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order entered on January 27, 2014, defendants were enjoined from discharging employees in retaliation for complaints about racially offensive postings in defendants' workplace; from failing to adopt policies that explicitly prohibit actions made unlawful under Title VII; from failing to adopt an investigative process with regard to discrimination claims; and from failing to provide annual training to Chris Brekken and other managers, including supervisors, regarding Title VII. In addition, Dion Miller was awarded $15,000 for emotional damages; back pay in the amount of $39,775.59 for the period from his date of termination through August 31, 2013 and $422.40 for the period September 1, 2013-January 31, 2014, plus interest of $2,565.29 for the period from his date of termination through August 31, 2013 and additional interest for the period from September

1

1, 2013-January 31, 2014, which plaintiff was to calculate using the Internal Revenue Service interest rate and submit to the court for approval. Finally, plaintiff was awarded an extra amount of back pay equal to 15% of the back pay award, including interest, to reimburse him for the extra taxes he will owe on the lump sum payment he is to receive.

Plaintiff Equal Employment Opportunity Commission submitted the requested interest calculation showing that Dion Miller is entitled to an additional $537.22 in interest for a total back pay award including interest of $43,300.50. He is also entitled to an award of 15% of the back pay award ($43,300.50), which is $6495.00. Defendants have not objected to the calculation of the applicable interest rate although they were given an opportunity to do so. They object to other provisions of the order but they raised these objections without success during the trial of this case. It is not necessary to discuss them again.

Plaintiff has asked for clarification of the January 27, 2014 order requiring defendants to comply with specific injunctive relief, either by filing an annual report to the court or sending plaintiff an annual statement of compliance. Defendants object to the motion, saying that the request for an annual filing is an untimely request for additional injunctive relief against defendants that should be denied by the court for its untimeliness alone, but they raise other defenses to it. (They also ask for clarification of the order, although their request was filed later than plaintiff's motion, which defendants challenge as untimely.) Defendants say it is improper to require a filing from defendant Northern Star Hospitality, Inc., d/b/a Sparx Restaurant, because Sparx is no longer in business and has no employees,

2

managers or supervisors; it is improper to require a filing from defendant Northern Star Properties, LLC, which like Sparx has no employees, managers or supervisors; and it is unnecessary to ask for one from defendant North Broadway Holdings, because it is required to provide training to managers and supervisors by Denny's Corporate (operator of the restaurant in the North Broadway Holdings property). Chris Brekken objects to his inclusion in the court's injunction, saying that he is not a party to the litigation and should not be required to comply with the injunction if he has no employees of any kind. As the evidence showed at trial, he is the responsible party in each of the entities. His compliance is a necessary factor in the compliance of the individual defendants.

It is not necessary to change the wording of the injunction. If Brekken or any of the other defendants have no employees during any part of the year for which they are filing the required information, they need only say that in their filing. In that circumstance, no defendant has any obligation to create policies or adopt investigative processes.

ORDER

IT IS ORDERED that the order entered herein on January 27, 2014 is AMENDED as follows:

> Paragraph 1(e) is added following 1(d) of the order:
>
> Defendants are to send plaintiff a statement of compliance no later than December 31 for each of the three years in which the injunction is in effect;
>
> Paragraphs 3 and 4 are struck and the following paragraphs are entered in their place:

3

3. Dion Miller is awarded back pay in the amount of $40,197.99, plus interest for the period from his date of termination through January 31, 2014 in the amount of $3102.51, for a total award of $43,300.50.

4. Dion Miller is awarded an additional amount of back pay equal to 15% of the back pay award, including interest, which additional amount equals $6495.00, to reimburse him for the extra taxes he will owe on the lump sum payment he is to receive.

In all respects, the January 27, 2014 order remains as entered.

The clerk of court is directed to enter judgment for plaintiff Equal Employment Opportunity Commission and close this case.

Entered this 19th day of February, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge