UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>        Plaintiff,<br><br>v.<br><br>NORTHERN STAR HOSPITALITY D/B/A SPARX RESTAURANT; NORTHERN STAR PROPERTIES LLC; AND NORTH BROADWAY HOLDINGS, INC.,<br><br>        Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  Civil Action No. 3:12-cv-00214-bbc/slc<br><br>**EEOC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL RESPONSES TO POST-JUDGMENT DISCOVERY FROM DEFENDANT NORTH BROADWAY HOLDINGS, INC.** |

The EEOC asks that the Court issue an order compelling Defendant North Broadway Holdings ("Holdings") to respond completely to the EEOC's Interrogatories seeking financial information relating to its assets. The judgment in this case has not been satisfied and the discovery is needed to locate assets of Holdings. Defendant cannot avoid disclosing its assets or paying the judgment of this Court.

## I.    BACKGROUND

Judgment was entered in this matter in the EEOC's favor on February 25, 2014. [DKT 223.] Along with co-defendants Northern Star Hospitality and Northern Star Properties, Holdings appealed but did not move to stay

1

judgment. [DKT 229.] The Seventh Circuit affirmed the judgment of this Court, and issued its mandate on March 23, 2015. [DKT 237.]

Holdings is not complying with the judgment of the Court nor is it providing sufficient information to the EEOC to permit the agency to enforce the judgment. Although the judgment required that Holdings issue an annual statement of compliance with the injunctive relief to the EEOC, Holdings did not provide one until after the EEOC was forced to move for an order of contempt. [Dkt 233.] Although the judgment of the District Court and the Seventh Circuit requires that Holdings pay judgment and costs to Dion Miller and the EEOC, Defendants have not done so. (Declaration of Laurie A. Vasichek ("Vasichek Decl.") ¶ 2.)

Consequently, the EEOC served post-judgment discovery on the Defendants on February 9, 2015, seeking the location and identity of assets of the corporation. (*See* Vasichek Decl., Ex. A.) Holdings responded on March 11, and did not raise any objections to the EEOC's discovery. (*Id.*, Ex. B.) However, in response to Interrogatory No. 3, 4, 5, 6, and 7, Holdings referred the EEOC to financial statements and documents relating to its operations that it stated were in the hands of its accountants. (*Id.*) In response to Interrogatory No. 7, it further stated that "[d]ocuments related to 2014 operations are available for inspection and copying at the office of general counsel." (*Id.*) Holdings' general counsel is Michael Schwartz, trial counsel

2

in this matter. (*Id.*, ¶5.) It did not even answer Interrogatory No. 8, which asked, "If you wish to propose an arrangement to pay the judgment, state the proposed terms." (*Id.*, Ex. B.)

On March 23, EEOC counsel asked Holdings' attorneys to provide copies of the documents or alternatively to make them available for review. (*Id.*, Ex. C.) Holdings responded that "the documents are in the hands of the accountants for preparation of the 2014 taxes," and "[w]hen we get them back we will provide them to you." (*Id.*) The EEOC responded by asking how voluminous the documents were and whether the accountant could send the EEOC copies. (*Id.*, Ex. D.) Holdings did not respond. (*Id.*, ¶7.)

On April 20, the EEOC counsel told Holdings attorney that, since 2014 taxes have now been filed, she would like to look at the documents before the weeks' end. (*Id.*, Ex. E.) Holdings attorney responded that he would need to check whether an extension was filed, and he would get back to the EEOC when he had more information. (*Id.*) The EEOC responded by stating that, if the taxes were filed, the documents should be available; if an extension was filed, the documents should be available. (*Id.*, Ex. F.) The EEOC stated that, if it did not receive the documents or complete responses to the Interrogatories by April 29, she would move the Court to compel complete responses. (*Id.*)

Holdings did not provide responses to the Interrogatories or documents in lieu of a response. Instead, on April 30, Holdings' attorney advised the EEOC that the primary attorney was out of the office and they would try to get the EEOC an answer by Monday, May 4. (Id., Ex. G) The EEOC heard nothing and still has heard nothing. (*Id.*, ¶11.)

## II. ARGUMENT

**1. Holdings must completely respond to the EEOC's discovery.**

Federal law "allows judgment creditors to conduct full post-judgment discovery to aid in executing judgment." *Credit Lyonnais, S.A. v. SGC Int'l, Inc.*, 160 F.3d 428, 430 (8th Cir. 1998). Under Federal Rule of Civil Procedure 69(a)(2), a judgment creditor may obtain discovery from the judgment debtor under the same rules that govern pretrial discovery. *See id.*; *Consol. Freightways Corp. of Del. v. Kresser Motor Serv., Inc.*, No. 94 C 323, 1995 WL 683587, *1 (N.D.Ill. Nov.16, 1995) ("post-judgment discovery proceeds according to the federal rules governing pre-trial discovery"). Under Rule 26, in turn, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).

A judgment creditor is thus entitled to discover the identity and location of any of the judgment debtor's assets, wherever located. *Nat'l Serv. Indus., Inc. v. Vafla Corp.*, 694 F.2d 246, 250 (11th Cir. 1982). The scope of

discovery under Rule 69(a) "is broad, permitting a judgment creditor to obtain discovery not only of the debtor's current assets, but also information relating to past financial transactions which could reasonably lead to the discovery of concealed or fraudulently transferred assets." *O.H.M Resource Recovery Corp. v. Industrial Fuels & Resources, Inc.*, No. S90–511, 1991 WL 146234, *2 (N.D.Ind. July 24, 2001) (collecting cases).

Holdings must respond to the EEOC's discovery, therefore. It raised no objections to the scope or the subject of the interrogatories. Under Fed. R. Civ. P. 33(b)(4), "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." There is no good cause to excuse the failure to file objections in this case more than two months after the responses were due. *See Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co.,* 238 F.R.D. 536, 538 (D. Conn. 2006) (holding that plaintiff waived its objections by not asserting them for 22 days and not providing a privilege log); *Pham v. Hartford Fire Ins. Co.*, 193 F.R.D. 659, 661-62 (D. Colo. 2000) (finding claim of privilege waived where the defendant failed to file objections to interrogatories until 71 days after the interrogatories were served).

Defendant has no good cause for withholding complete responses to the EEOC's discovery. Promises that the EEOC can find the answers to its questions by going through documents – documents that the EEOC has yet to

5

obtain – are not sufficient. This Court should compel Defendant to completely respond to the Interrogatories in all respects.

### 2. The Court should assess reasonable attorney's fees to the EEOC under Federal Rule of Civil Procedure 37(a)(5).

Rule 37(a)(5)(A) provides that if a discovery motion is granted, or if the discovery is provided by the opposing party after the motion has been filed, the Court "must" require the party or attorney necessitating the motion to pay the movant its reasonable expenses, including attorneys fees. The EEOC seeks attorney's fees of $1800 in this matter for four hours of attorneys' time for researching, writing, and preparing supporting documents for this motion. (Vasichek Decl., ¶¶ 12-15.)

No excuse exists for Holdings' failure to provide the EEOC with complete responses to its discovery. Indeed, Defendant has a pattern of engaging in this type of conduct. It did not, for example, provide the EEOC with the requested statement of compliance with the Court's injunction until after the EEOC was forced to bring its contempt motion. [*See* Dkt 233, 236.] The EEOC gave Defendant ample opportunity to provide complete responses to the Interrogatories, and it still has not done so. Because of the EEOC's inability to obtain current information from Holdings, despite its right to obtain the information, the EEOC is filing today a garnishment action against the bank at which Holdings kept its accounts when this trial was

held in 2013 – that is the most up-to-date information that the EEOC has. (Vasichek Decl., ¶16.)

The EEOC seeks these fees even if the Defendant should produce the information following the filing of this motion. Defendant must incur some consequences for its repeated dodging of its responsibilities under the law.

### III. CONCLUSION

The Court should compel Holdings to answer the EEOC's interrogatories. These interrogatories were permitted under Rule 69 of the Federal Rules of Civil Procedure and Holdings raised no objections to them. In addition, the Court should require that Holdings and/or its attorney pay the EEOC's reasonable attorneys' fees for being forced to bring this motion.

Dated: May 13, 2015

s/ Laurie A. Vasichek
Laurie A. Vasichek (Minn. No. 171438)
Senior Trial Attorney
EEOC - Minneapolis Area Office
330 South Second Avenue, Suite 720
Minneapolis, MN  55401
Telephone:  (612) 335-4061
Facsimile:  (612) 335-4044
laurie.vasichek@eeoc.gov

ATTORNEY FOR PLAINTIFF