IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

                                                                                           ORDER

                Plaintiff,

                                                                     12-cv-214-bbc

      v.

NORTHERN STAR HOSPITALITY,
D/B/A SPARX RESTAURANT;
NORTHERN STAR PROPERTIES
LLC; AND NORTH BROADWAY
HOLDINGS, INC.,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This closed case is before the court on plaintiff Equal Employment Opportunity Commission's motion, dkt. #238, for an order under Fed. R. Civ. P. 37(a)(3)(B) compelling defendant North Broadway Holdings, Inc. to produce all relevant documents, provide complete answers to plaintiff's interrogatories and to pay reasonable attorney fees.  (All further references to "defendant" will be to North Broadway Holdings, because it is the only defendant that was ordered to file answers and to pay damages after the jury found it had violated Dion Miller's rights under Title VII of the Civil Rights Act and awarded damages.) In addition, plaintiff says that defendant failed to comply with the court's order to file an annual statement of compliance until plaintiff moved for contempt, dkt. #233, and has failed to pay judgment and costs to plaintiff and to Dion Miller.

1

Although defendant contends that it has complied with all of plaintiff's interrogatories and produced all the discovery it could, its contention is unpersuasive. As plaintiff points out, defendant did not respond to plaintiff's interrogatory no. 4, seeking a list and detailed description of all real or personal property owned by defendant in the past four years, including the purchase price, current value, amount of any loan balance against the property and the location of the property. Moreover, according to plaintiff, defendant has not produced a list of inventory or copies of its insurance policies. Defendant's failure to turn over this information, coupled with its refusal to cooperate earlier on the alleged ground that all of its documents were in the possession of its tax preparer, appears to warrant an award of attorney fees and costs to plaintiff. I will take up that issue at a hearing.

Plaintiff's motion for a writ of garnishment is directed to Peoples State Bank, dkt. #241, which is alleged to maintain a checking account for defendant, in the name of defendant North Broadway Holdings, Inc., d/b/a Dennys, Inc. Although defendant denies that this account is subject to garnishment for various reasons, I have reached the opposite conclusion after reviewing plaintiff's application. I am persuaded that the application satisfies the requirements of 28 U.S.C. § 3105(b)(1). Defendant opposes issuance of the writ and asserts a right to be heard before it is issued, but the garnishment proceedings provide defendant an opportunity to be heard after the garnishee defendant has filed its answer with the court and served a copy on plaintiff and defendant. 28 U.S.C. § 3205(c)(5).

ORDER

IT IS ORDERED that the application of plaintiff EEOC for a writ of continuing garnishment, dkt. #241, is GRANTED; the clerk of court is to (1) issue a writ of continuing garnishment to the garnishee defendant and its successors or assigns, as set out in dkt. #243 (notice of post-judgment garnishment and instructions to defendant-judgment debtor North Broadway Holdings, Inc); (2) a notice to defendant-judgment debtor regarding exemptions, as set out in dkt. #244; and (3) instructions to the garnishee Peoples State Bank, as set out in dkt. #244. Defendant's motion for a pre-garnishment hearing, dkt. #254, is DENIED. FURTHER, IT IS ORDERED that a hearing will be held on Thursday, July 23, 2015, at 1:00 p.m. to consider (1) plaintiff's motion for an award of reasonable expenses, including attorney fees, for defendant North Broadway Holdings, Inc.'s failure to comply promptly with plaintiff's motion to compel responses to post-judgment discovery from defendant and (2) any objections plaintiff or defendant has to the garnishment. (If defendant does raise objections, it will bear the burden of proving its grounds for those objections. 28 U.S.C. § 3205(c)(5).)

Entered this 9th day of June, 2015.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge