IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

      OPINION AND ORDER

    Plaintiff,

      12-cv-214-bbc

  v.

NORTHERN STAR HOSPITALITY
D/B/A SPARKS RESTAURANT;
NORTHERN STAR PROPERTIES,
LLC; and NORTH BROADWAY
HOLDINGS, INC.,

    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  One remaining issue related to post-judgment matters remains pending in this case: plaintiff Equal Employment Opportunity Commission's motion to compel defendant North Broadway Holdings, Inc. to respond to post-judgment discovery, specifically, interrogatories seeking information relating to its assets. Defendant North Broadway represented to plaintiff that it would make documents available to plaintiff in lieu of answering certain interrogatory questions; according to plaintiff, it has not done so.

  Defendant maintains that it has provided all of the documents responsive to the request and that, although the delivery of the documents was delayed, it was only because the documents were in the hands of defendant's independent accountant, who was preparing defendant's tax returns. It argues that plaintiff's motion should be denied now that all the

1

documents have been provided and that no fees should be awarded because the delay was substantially justified by the accountant's need for the same documents.

Not surprisingly, plaintiff takes issue with defendant's argument, saying that defendant has still not provided a sufficient answer to plaintiff's interrogatories nos. 4 and 7, in which plaintiff sought a list and detailed description of all real and personal property defendant had owned in the previous four years and demanded that defendant submit a variety of corporate and financial documents, identified in interrogatory no. 7. Although defendant said it had no documents other than the tax returns and supporting documents, plaintiff notes that defendant did not provide details of the $57,718 worth of furniture and equipment it listed on its balance sheet and it did not provide any list of inventory, despite its existence as an operating business. Moreover, it did not provide any insurance policies, although it listed $16,342 in insurance costs for 2014.

On the issue of attorney fees, plaintiff argues that defendant's delay was not substantially justified and that defendant did not make a good faith effort to produce records. As it points out, even if defendant's records were in the hands of its tax accountant, it could have had copies made and sent to plaintiff. In any case, the representation that the tax preparation could not have been the cause for a delay in the responses to other interrogatories, such as those calling for information that could have been answered without any tax documents, including lists of defendant's property leased to other persons and all debts owed to it, as well as information relating to payment plans on these debts.

Plaintiff's point is well taken. The record shows a notable lack of effort on

defendant's part to comply with plaintiff's motion to compel or even to respond to plaintiff's inquiries.

Plaintiff has asked for attorney fees for four hours of work, at the hourly rate of $450 an hour, which it says is comparable to the reasonable hourly rate for Madison lawyers with similar experience. Four hours is a reasonable amount of time, given defendant's recalcitrance. However, I will reduce the hourly rate to what I believe is more closely comparable to what lawyers in Madison would charge for similar work.

ORDER

IT IS ORDERED that the motion of plaintiff Equal Employment Opportunity Commission to compel defendant Broadway Holdings, Inc. to turn over documents responsive to *all* of plaintiff's interrogatories, dkt. #240-1 is GRANTED and plaintiff is awarded attorney fees in the amount of $1600, or $400 for each of the four hours it was required to spend in its efforts to obtain adequate responses from defendant to its interrogatories.

Entered this 16th day of June, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge