IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                    Plaintiff,

    v.

NORTHERN STAR HOSPITALITY d/b/a
SPARX RESTAURANT; NORTHERN
STAR PROPERTIES, LLC; AND
NORTH BROADWAY HOLDINGS, INC.,

                    Defendants.

OPINION AND ORDER

12-cv-214-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      A hearing was held on August 26, 2015 on plaintiff Equal Employment Opportunity Commission's motion to compel and the court's order of civil contempt. Jessica Palmer-Denig and Laurie Vasichek appeared for plaintiff. Michael Schwartz appeared on behalf of defendants Northern Star Hospitality d/b/a Sparx Restaurant, Northern Star Properties and North Broadway Holdings, Inc.

      Plaintiff filed for an order of civil contempt on July 27, 2015, contending that defendant North Broadway Holdings, Inc. had failed to provide discovery in compliance with the court's orders. This court entered a premature order of civil contempt on July 28, 2015, dkt. #266, which was vacated on August 7, 2015, dkt. #272, and the matter set on for hearing.

1

At today's hearing, Mr. Schwartz attempted to explain why defendants North Star Properties, LLC, and North Broadway Holdings, Inc., believed that they had complied with the court's orders to provide the information sought by plaintiff in its attempt to collect the judgement entered against defendants in this court on February 25, 2014. The amount of the judgment was $64,795.50, dkt. #223, and it was affirmed by the Court of Appeals for the Seventh Circuit on January 20, 2015 dkt. #237. In fact, defendants had been dragging their feet in complying with the orders; for months their counsel had told plaintiff that the necessary financial information was in the hands of the tax preparers, without making any apparent attempt to obtain copies of the information from the preparers. In addition, they had changed bank accounts after the court granted plaintiff's motion to garnish Peoples State Bank, where defendant Holdings had an account. Defendants had been asked for a detailed description about defendants' real or personal property owned by them in the preceding four years whose value exceeds $500, together with the loan balance against the property, if any, and the location, including the county, and if the property was transferred, the name, address and telephone number of the person or entity, but defendants had not complied with this request.

Because defendants' counsel appeared willing to comply with plaintiff's discovery requests, I directed plaintiff's counsel to confer with defendants' counsel and develop an agreed upon resolution of defendants' obligation to plaintiff. After doing so, the parties agreed to the following:

No later than 4:00 p.m. on September 28, 2015, both sides are to submit written

statements to the court on the status of the following commitments by the parties:

1. Defendants are to obtain appraisals of all property, real and personal, owned by either defendant Properties or defendant Holdings, using an appraiser approved by plaintiff; plaintiff has until noon on Wednesday, September 2, 2015, in which to advise defendant's counsel of at least two approved appraisers. In addition, if no purchase price information is available for any particular item after a diligent search for such information has proved ineffectual, defendants shall file a statement under oath attesting to its effort.

2. Defendants are to supplement discovery in a timely manner, including providing information about new bank accounts as they are opened.

3. Defendants are to

(a) provide a complete answer to plaintiff's interrogatory no. 4; if they have questions about the scope of any portion of the interrogatory, defendants' counsel is to consult plaintiff's counsel;

(b) provide plaintiff a proposed payment schedule if they continue to maintain that they are unable to make full payment of the judgment at this time; and

(c) provide any supplemental information agreed to in counsel's in-court conference with plaintiff's counsel this morning.

5. Defendants' counsel has agreed to talk with Chris Brekken and other potential lenders to assess the possibility of lending money to defendants to fulfill their obligation to

the EEOC.

Entered this 26th day of August, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge