IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

                              Plaintiff,

      v.

NORTHERN STAR HOSPITALITY
D/B/A SPARX RESTAURANT;
NORTHERN STAR PROPERTIES, LLC;
AND NORTH BROADWAY HOLDINGS,
INC.,

                              Defendants.

ORDER

12-cv-214-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This long-closed case is before the court on plaintiff Equal Employment Opportunity Commission's motion to garnish defendant Northern Star Properties, LLC's funds held in an account at Dairy State Bank. Defendant objects to the garnishment, dkt. #300, arguing that Rice Lake Harley-Davidson, Inc. is the owner of the funds in the bank under a Wis. Stat. Ch. 409 and the Control of Deposit Account Agreement signed by debtor Northern Star Properties, LLC (Properties), secured party Rice Lake Harley-Davidson, Inc. and Dairy State Bank. Defendant contends that plaintiff's effort to collect money held at Dairy State Bank should be barred because that money belongs to Rice Lake Harley-Davidson, Inc., a company owned by Chris Brekken, who is also the owner of Properties, and Rice Lake is a secured creditor with priority over plaintiff.

1

As plaintiff points out in its reply, dkt. #303, Rice Lake lines up behind plaintiff under the federal priority statute, 31 U.S.C. § 3713(a), and is therefore not entitled to any money held at the bank unless and until the judgment awarded plaintiff in this case is satisfied. Plaintiff adds that, by asserting Rice Lake's interests, Properties adds weight to the pre-trial finding in this case, dkt. #152, that Rice Lake and Properties are not independent, but may be considered as one entity. This is borne out by the evidence that has come to light since trial showing that Chris Brekken or companies controlled by him have been moving accounts from one bank account to another and using different corporate entities as the purported owners of the various accounts—all in an effort to avoid fulfilling Properties' obligation to pay the judgment awarded against it after trial. It appears that defendant has continued to ignore corporate formalities as it did prior to the trial in this case, see Op. & Order, dkt. #152, and that it is engaged now in a campaign to hinder, delay and defraud plaintiff as plaintiff tries to collect its judgment.

Despite the unusual amount of time that has been devoted to the attempted enforcement of the judgment in this case, I conclude that it is necessary to have yet another hearing. Accordingly, I will grant the motion of both parties to that effect and will hold a hearing on Friday, October 30, 2015 at 10:00 a.m. The parties may call witnesses and adduce evidence, as well as argue their claims.

Defendant should bear in mind that it faces a significant challenge in proving that it has complied with the orders of this court or that the funds held by Dairy State Bank fall within any exemption to garnishment by plaintiff that might be available to defendant under

26 U.S.C. § 6334, 38 U.S.C. § 1562(c) or 15 U.S.C. § 1673. This is particularly the case in light of its failure to even suggest that it has a defense of this sort. It should also keep in mind that if it appears that it or any of the companies owned by Chris Brekken have attempted to evade the orders of this court, the court will consider the imposition of any sanctions available in the law. The parties should come to the hearing prepared to discuss what those might be.

ORDER

IT IS ORDERED that a hearing will be held at 10:00 a.m., Friday, October 30, 2015. FURTHER, IT IS ORDERED that defendant Northern Star Properties, LLC's request to file a response to plaintiff Equal Employment Opportunity Commission's reply brief is GRANTED; defendant may have until noon on October 28, 2015 to do so.

Entered this 26th day of October, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3