IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                  OPINION AND ORDER

        Plaintiff,

                  12-cv-214-bbc

    v.

NORTHERN STAR HOSPITALITY, d/b/a
SPARX RESTAURANT; NORTHERN
STAR PROPERTIES, LLC; and NORTH
BROADWAY HOLDINGS, INC.,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This case is before the court on a motion by plaintiff Equal Employment Opportunity Commission to hold Christopher Brekken liable for the unpaid portion of the judgment entered in plaintiff's favor on February 25, 2014 against defendants Northern Star Hospitality, d/b/a Sparx Restaurant, Northern Star Properties, LLC and North Broadway Holdings, Inc. Although Brekken was never named as a defendant in this case, plaintiff contends that he can be held responsible under the Federal Priority Statute, 31 U.S.C. § 3713(a) and (b), for satisfying the judgment. As the sole stockholder of all of the defendant corporations, he can be held liable for the judgment if he paid part of the corporations' debts before paying the government's claim in this case. In an order entered on November 13, 2015, dkt. #318, I explained why it appeared that Brekken would be liable to plaintiff under

1

the statute and gave him an opportunity to be heard on the issue. Brekken has taken advantage of that opportunity and has filed an objection with the court. In addition, plaintiff argues that Brekken may be held in contempt and assessed an amount equal that will satisfy plaintiff's judgment.

I conclude that plaintiff has shown that Brekken is liable to it for the amount of its judgment, plus interest, costs and penalties under the Federal Priority Statute. In addition, he is in contempt of this court's orders and for that reason as well is responsible for payment of the money owed to plaintiff for the amount of the judgment, plus interest, costs and penalties.

## OPINION

### A. Brekken's Liability under the Federal Priority Statute

Brekken filed a response, but it does not provide any reason for relieving him of his obligation under the Federal Priority Statute to satisfy plaintiff's judgment. His only argument for moving operating funds around to various accounts rather than using them to pay the judgment is his belief that it was reasonable for defendants to devote all of their income and assets to keeping the restaurant afloat financially, even if this meant ignoring the judgment. (The restaurant is no longer run as Sparx, but has been operating as a Denny's franchise.) His argument seems to be that the diversion was intended to maximize the amount of money that would be available to pay the judgment, whereas a forced sale of an unsuccessful business would not have benefited either side, Dfts.' Br., dkt. #320, at 8-9,

Case: 3:12-cv-00214-bbc Document #: 326 Filed: 12/17/15 Page 3 of 9

but since he never explained this to plaintiff, never obtained plaintiff's permission to delay the payments and never took any steps to work out a payment schedule with plaintiff, the argument is not one that can be taken seriously. The fact is that Brekken does not deny taking actions through the corporations designed to keep the restaurant in operation, rather than satisfying plaintiff's judgment.

Brekken also argues that he cannot be found to have violated the Federal Priority Statute when he paid off the AnchorBank mortgage, because that mortgage had been perfected before plaintiff filed its Abstract of Judgment on June 26, 2014. He contends that because AnchorBank had a perfected lien on defendants' personal property, as well as on the real property, and that these liens that had priority over plaintiff's judgment, when defendants paid AnchorBank the proceeds of their sales of real and personal property, the payments were not a voluntary assignment of property, which would be covered under the Federal Priority Statute, but the turnover of proceeds of the sale to AnchorBank as required by the terms of the mortgage.

Defendants received $219,000 for the sale of personal property in September 2015, Asset Purchase Agmt., dkt. #304-3, and turned those funds over to AnchorBank, the mortgagee of defendant Northern Star Properties, or Properties. This was an improper transfer, on at least two counts. First, defendant Properties was not the owner of the personal property of the restaurant business; defendant North Broadway Holdings, or Holdings, was. Def. North Broadway Holdings, Inc.'s Third Supp. Answers to the EEOC's Interrog., dkt. #310-14, at 5-7. Because AnchorBank's mortgage did not extend to

Holdings, the bank had no claim under that mortgage to property belonging to Holdings. Accordingly, the transfer of the funds from Holdings to pay Properties' mortgage was a voluntary assignment of property made after defendants had incurred their debt to plaintiff.

Second, even if Properties and not Holdings had been the mortgagor of the personal property, Brekken has not shown that Properties could have turned the sale proceeds from the sale of the person property over to Anchor Bank without violating plaintiff's prior right to the funds. The Federal Priority Statute recognizes the priority of obligations that are based on a "choate" lien, that is, a lien in which the identity of the lienor, the property subject to the lien and the amount of the lien are established. <u>United States v. City of New Britain, Conn.</u>, 347 U.S. 81, 84 (1954). As a general rule, liens on personal property are not choate liens, because the loan agreement does not refer specifically to the items of personal property that are covered by the loan. <u>United States v. Wadill, Holland & Flinn, Inc.</u>, 323 U.S. 357-60 (1945) ("Only after the lien was actually asserted [on items of personal property] and an attachment or a distraint levied" could it be argued that particular items were subject to government's claim.) Defendants have not shown that AnchorBank's lien was one in which the identity of the personal property subject to the lien had been established. This is not surprising because it is rarely the case that any mortgage of personal property would refer to specific items, particularly when, as in this case, the personal property relates to a restaurant and is likely to change frequently.

Brekken continues to argue that he cannot be held liable for the judgment in favor of plaintiff because he was never a party to the case, but he has not shown why the Federal

4

Priority Statute, 31 U.S.C. § 3713, does not make him liable. That statute requires that a claim to the United States government be paid first when "a person indebted to the Government is insolvent," § 3713(A) and "the debtor without enough property to pay all debts makes a voluntary assignment of property," § 3713(A)(i), and when a "representative of a person or an estate . . . paying any part of a debt of the person or the estate before paying a claim of the government is liable to the extent of the payment for unpaid claims of the Government." § 3713(b). Plaintiff is "the Government"; Brekken's companies claim to be insolvent, saying they lack the funds to pay the judgment; the companies made a voluntary assignment of property at a time when they claimed to be without the funds to pay their debts (not only the payment to AnchorBank, but deposits of money into different bank accounts to be used for ongoing restaurant expenses); and Brekken is a representative of a "person" (the corporations) for purposes of the statute.

Brekken has made no showing that he did not know that a debt was owed to plaintiff or that defendants were insolvent when they paid other debts ahead of the debt to plaintiff. It is not reasonable to think that the sole shareholder and president of the corporations would not have this knowledge. Thus, I conclude that he is in violation of § 3713.

## B. Contempt of Court

Plaintiff contends that even if § 3713 did not apply, Brekken and his defendant companies should be held liable for the amount of plaintiff's judgment because they are in contempt of the court. Brekken did not respond to this argument. The unrebutted facts

support plaintiff's contention. Since the judgment in this case was affirmed by the Court of Appeals for the Seventh Circuit, defendants have taken steps to evade this court's orders and plaintiff's efforts to collect on its judgment. Clear and convincing evidence supports a finding that Brekken and the defendant companies have violated the orders of this court.

In proper cases, judicial sanctions may be employed for either or both of two purposes: "to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." United States v. United Mine Workers of America, 330 U.S. 258, 303 (1947); Wilson v. United States, 221 U.S. 361, 376-77 (1911) (persons officially responsible for conduct of corporation's affairs may be punished for contempt if they are aware of writ directed to corporation and either prevent compliance or fail to take appropriate action within their power for performance of corporate duty). Brekken has not only failed to pay the judgment but he and his companies have failed to comply with the court's orders and transferred assets in violation of the Federal Priority Statute. Defendants did not send plaintiff the court-ordered annual statement of compliance with the injunctive relief until plaintiff moved for and obtained an order of contempt. Dkt. #233. When plaintiff served discovery requests on defendants, defendants dragged their feet, telling plaintiff that the financial statements and documents relating to its operations were in the hands of its accountants, but could be inspected and copied at the office of defendants' counsel. In addition, they never answered an interrogatory that would have allowed them to suggest a payment arrangement to satisfy the judgment. Although the interrogatories were served on them on February 9, 2015, defendants did not make the

6

documents available for review or provide copies of the documents at any time within the next three months. Finally, on May 13, 2015, plaintiff moved for and was granted a court order, directing defendant Holdings to provide plaintiff complete responses to the interrogatories and to pay reasonable attorney fees to plaintiff for having to bring the motion, dkt. #231. I conclude that plaintiff has shown by clear and convincing evidence that Brekken and his companies have violated at least one order of this court setting forth an unequivocal command. Stotler and Co. v. Able, 870 F.2d 1158, 1163 (7th Cir. 1989).

In addition, plaintiff moved for a writ of garnishment, directed to Peoples State Bank. Dkt. #241. This writ was granted but by the time the writ was granted, the balance was only $3431.72. This court granted a writ of garnishment for a second bank account as well; again this account had been largely emptied by the time the writs were granted. Defendants resisted a third writ of garnishment, this time for Dairy State Bank, arguing that the balance in that account represented funds belonging to yet another company owned by Brekken.

The acts by Brekken and the defendant companies demonstrate contempt for the court. Accordingly, I will grant plaintiff's motion for a finding of contempt and award as compensation the amount remaining uncollected on plaintiff's judgment, along with the interest, costs and penalties. As the sole owner and sole shareholder of defendants, Christopher Brekken is responsible for defendants' failure to comply with the orders of this court. Accordingly, he can be punished for his contempt of those orders. Connolly v. J.T. Ventures, 851 F.2d 930, 935 (7th Cir. 1988) (person officially responsible for conduct of corporation's affairs can be guilty of disobedience if he prevents compliance or fails to take

appropriate action within his power to perform corporate duty, citing Wilson, 221 U.S. at 376. See also Tranzact Technologies, Inc. v. 1 Source Worldsite, 406 F.3d 851, 856 (7th Cir. 2005) (finding it well established that individual officially responsible for corporation's compliance with court order may be punished for contempt if he fails to act appropriately).

### C. Proposed Order

In response to plaintiff's motion to hold him responsible for the judgment obtained by plaintiff, Brekken asked that the proposed order submitted by plaintiff include a provision that once he has paid the full amounts ordered by the court, plaintiff will file a prompt satisfaction and release its lien on all real estate and personal property of defendants. Plaintiff objects to the request, but agrees to file such a satisfaction and release once it has received "full, final and irrevocable payment" and the time for appeal has passed or all appeals have been resolved. In light of Brekken's demonstrated efforts over the last two years to avoid full payment of the judgment against the defendant companies that he controls, I will adopt plaintiff's request.

### ORDER

IT IS ORDERED that

1. Plaintiff Equal Employment Opportunity Commission's motion to hold

8

Christopher Brekken liable for the unpaid portion of the judgment entered against defendants Northern Star Hospitality, d/b/a Sparx Restaurant, Northern Star Properties, LLC and North Broadway Holdings, Inc. on February 25, 2014, together with interest, costs and penalties on that judgment, is GRANTED.

2. Christopher Brekken's request that plaintiff file a satisfaction and release of all liens on real or personal property held by defendants once Brekken has paid the full amounts but before any appeal has been decided or the time for appeal has passed is DENIED.

3. Plaintiff is directed to file a satisfaction and release of all liens on real or personal property held by defendants once it has received "full, final and irrevocable payment" and the time for appeal has passed or all appeals have been resolved.

Entered this 17th day of December, 2015.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge